# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Criminal Case No. 2:13-cr-00013-MR-DLH-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JASON DEWAYNE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Defendant's "Motion Pursuant to Rule 36 of Federal Rule[s] of Criminal Procedure" [Doc. 52], and the Defendant's letter [Doc. 53], which the Court construes as a motion for review of computation of sentence.

On September 12, 2013, the Defendant pleaded guilty pursuant to a written plea agreement to one count of possession of a firearm while being an unlawful user of and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Doc. 22]. The Defendant was sentenced on August 21, 2014, to 92 months' imprisonment. [Doc. 38]. The Defendant did not file a direct appeal.

On September 28, 2016, the Defendant filed the present motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure. [Doc. 52].

Specifically, the Defendant moves for the correction of various alleged errors in the Presentence Report. He also challenges the amount of jail credit that he has received. [Id.]. On October 3, 2016, the Defendant filed a letter, in which he asks the Court to review his sentence computation and particularly the application of jail credit to that sentence. [Doc. 53].

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report . . . ." United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam). Instead, such challenges must be made in the form of objections to the presentence report, which objections must be filed within fourteen days of receiving the document. See Fed. R. Crim. P. 32(f). Because the time for making such objections has long since passed, the Court lacks jurisdiction to entertain the Defendant's motion to correct errors in his PSR. See United States v. Davis, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012).

With respect to the Defendant's requests for jail credit and for review of the computation of his sentence, the Court notes that the Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his challenges to the computation of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Pursuant to Rule 36 of Federal Rule[s] of Criminal Procedure" [Doc. 52] and

the Defendant's letter [Doc. 53], which the Court construes as a motion for review of computation of sentence, are **DENIED**.

**IT IS SO ORDERED.**

Signed: October 7, 2016

Martin Reidinger
United States District Judge