IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Criminal Case No. 2:13-cr-00013-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JASON DEWAYNE SMITH, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the Defendant's letter [Doc. 91], which the Court construes as a motion for sentencing credit.

The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisons ("BOP"). Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id.

Here, the Defendant alleges that he has exhausted his administrative remedies. [Doc. 91 at 1]. Nevertheless, this Court cannot review the computation of the Defendant's sentence. "A claim for credit against a

sentence attacks the computation and execution of a sentence rather than the sentence itself." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Accordingly, such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a). Therefore, the Defendant must seek judicial review of BOP's sentence computation in the district of his confinement, which is currently the Northern District of Georgia.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 91], which the Court construes as a motion for sentencing credit, is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge