THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:13-cr-00013-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JASON DEWAYNE SMITH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. 102].

**I.    BACKGROUND**

In September 2013, the Defendant Jason Dewayne Smith pled guilty to one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Doc. 22]. In August 2014, he was sentenced to a term of 92 months' imprisonment. The Defendant is currently incarcerated at USP Atlanta, and his projected release date is March 30, 2023.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 21, 2021).

On April 19, 2021, the Defendant filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 102]. The Court ordered the Government to respond. [Text-Only Order entered Apr. 20, 2021]. The Government filed its response, arguing *inter alia* that the Defendant had not satisfied the statutory exhaustion requirement because he failed to show that he applied to the warden of his facility for compassionate release. [Doc. 105 at 3]. The Court gave the Defendant an opportunity to file a reply. [Text-Only Order entered May 20, 2021]. The Defendant filed a motion seeking an extension of time to file a reply and also seeking the appointment of counsel. [Doc. 106]. On June 15, 2021, the Court denied the Defendant's request for counsel and directed him to file a reply within thirty (30) days. [Doc. 107]. The Defendant did not file a reply. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

2

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2] The Defendant has the burden of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile. See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant states that "[o]n or about November 2020 I submitted a proper request for compassionate release to the Warden. Staff would not provide me with a copy of it." [Doc. 102 at 3]. While the Defendant cannot be faulted for failing to provide a copy of his request to the Court, the

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

Court finds the Defendant's statement to lack the specificity required to satisfy his burden under § 3582(c)(1)(A). The Defendant does not state the precise date when he submitted his request to the warden, and he fails to provide any details regarding the grounds that he cited for a compassionate release request. Without such basic information, the Court cannot discern whether the Defendant properly exhausted his administrative rights prior to filing the present motion.[3]

The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. The Defendant has not carried his burden of showing that he complied with the requirements of the statute, and thus the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

---

[3] The Court also notes that the Defendant waited approximately six months after allegedly submitting his request to the warden before filing the present motion. Given the significant lapse of time, it is likely that the circumstances cited by the Defendant as grounds for release—namely, his health conditions and the rate of COVID-19 infections in the facility—could have changed significantly, thus frustrating the Court's ability to fairly assess the Defendant's current circumstances.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. 102] is **DENIED**. The denial of the Defendant's request for compassionate release is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: July 22, 2021

Martin Reidinger
Chief United States District Judge